The Honorable Jim Hudson Prosecuting Attorney Miller County Courthouse Texarkana, AR 75502
Dear Mr. Hudson:
This is in response to your request for an opinion on the following question:
 Are the investigators and employees hired by the prosecuting attorneys of the Eight, Tenth, Thirteenth, Sixteenth and Twentieth Judicial Districts, pursuant to Act 10 of 1988 (4th Extraordinary Session) and funded by a grant award from the Department of Finance and Administration, Intergovernmental Services, Drug Law Enforcement Program, Anti-drug Abuse Act of 1986, eligible for state employees insurance and retirement benefits?
Arkansas Code Annotated §§ 21-5-410 and 24-4-101 must be considered in response to this request. Section 21-5-410 defines "eligible employees" for purposes of membership in the state employees life insurance program. Subsection (a) of § 21-5-410 states in pertinent part as follows:
 Eligible employees shall include all actively employed permanent employees of eligible participating agencies, boards, commissions, institutions, and constitutional offices; members of the General Assembly; election constitutional officers.
"Permanent employees" are defined as "those whose employment is not seasonal or temporary and whose actual performance of duty requires one thousand (1,000) or more working hours per year." A.C.A. § 21-5-410(c).
Section 24-4-101 is the definitional section of the Arkansas Public Employees' Retirement System law. The term "state employees" is defined under subparagraph (8) as follows:
 `State employees' means all otherwise eligible employees whose compensations were, or are, payable from funds appropriated by the state and includes all employees whose compensations were, or are, payable in whole or in part from federal funds. In any case of doubt as to who is a state employee within the meaning of this act, the board shall have the final power to decide the question.
The language of Act 10 of the Fourth Extraordinary Session of the 1988 must then be reviewed, in light of the foregoing provisions. Section 1 of Act 10 states:
 In addition to the deputy prosecutor positions created by Arkansas Code Annotated § 16-21-113 and other Arkansas Code provisions, the prosecuting attorneys of the Eighth, Tenth, Thirteenth, Sixteenth and Twentieth Judicial Districts shall have the power to appoint deputy prosecuting attorneys, investigators, or employees at such salaries as are authorized in the grant awards from the Department of Finance and Administration, Intergovernmental Services, Drug Law Enforcement Program, Anti-Drug Abuse Act of 1986. Said investigators and case coordinators shall have jurisdiction throughout the judicial district served, and have the power granted peace offices by the statutes of this State and may serve process issuing out of all courts within the judicial district.
It may be successfully contended, based upon the language of the foregoing legislative enactments, that the answer to your question is "yes". This conclusion is based upon an interpretation of the provisions in question, in the absence of interpretive case law authority or clearer indication from the legislature with regard to the status of these persons as either "state" or "county" employees for retirement and insurance purposes.
While your question is by no means easily resolved, the language of Act 10 of 1988 fourth special session compels the conclusion that the prosecuting attorneys' appointees are not county personnel. Rather, they are appointed and employed by the prosecuting attorney, and thus appear to fall within the language of A.C.A. § 21-5-410 regarding "actively employed permanent employees of eligible participating agencies, boards, commissions, institutions, and constitutional offices," for state insurance purposes. While appointment by the prosecutor is not necessarily dispositive, these appointees may be distinguished from the county personnel or funds provided for under Section 2 of Act 10.
A conclusive determination would, of course, require a finding that these persons are not employed on a seasonal or temporary basis, and that the actual performance of their duties requires one thousand (1,000) or more working hours per year. See A.C.A. § 21-5-410(c), supra. We have not been provided with information in this regard.
Similarly, the definition of "state employees" under the retirement law would appear to include persons appointed by the prosecuting attorneys under Act 10 and paid through grant awards from the Department of Finance and Administration. (According to your correspondence, these persons are paid from federal grant funds that are appropriated to the Department of Finance and Administration and from matching funds appropriated by the Arkansas General Assembly.)
It is therefore my opinion, based upon the relevant legislation currently in place, that these persons are eligible for state employee insurance and retirement benefits, assuming that they are "permanent" employees within the meaning of A.C.A. § 21-5-410(c), supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC/EAW:arb